IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DENISE MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-3015-CV-S-DW-SSA |
| ) | |
| JO ANNE BARNHART ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff Denise Miller ("Miller") seeks judicial review on her request for disability, disability insurance and supplemental income benefits under Titles II and XVI of the Social Security Act. Plaintiff has exhausted all of her administrative remedies and therefore judicial review is now appropriate. See 42 U.S.C. § 405(g) and 1383(c)(3); C.F.R. §§ 404.906, 416.1406. The complete facts and arguments are presented in parties' briefs, and consequently will be duplicated herein only to the extent necessary. After examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

I. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g) and 1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). The review is more than an examination of the

1

record for the existence of substantial evidence in support of the Commissioner's decision. Pierce v. Apfel, 173 F.3d 704, 706 (6th Cir. 1999). The Court also considers whatever in the record fairly detracts from its weight. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045. (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support the other side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

II. Discussion

Plaintiff argues (1) the ALJ improperly gave substantial weight to the non-treating physician's opinion; (2) the ALJ's credibility finding is not based on substantial evidence; (3) the ALJ's residual functional capacity (RFC) finding is not supported by substantial evidence; and (4) the ALJ improperly failed to make a function by function analysis of Plaintiff's vocationally relevant past work and compare that with her functional capacity. The Court will address these arguments in turn.

A. Weight of Physicians' Testimony

Plaintiff argues it was improper for the ALJ to discredit the opinion of her treating physician and afford substantial weight to the opinion of the physician who examined Plaintiff on behalf of the state agency.

Greater weight will ordinarily be given to the opinion of a treating rather than examining source. C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). However, such opinion does not

2

Case 6:05-cv-03015-DW   Document 9   Filed 08/08/05   Page 2 of 7

automatically control, since the record must be evaluated as a whole. Wilson v. Apfel, 172 F.3d 539, 542 (8th Cir. 1999). The ALJ must also consider the degree to which relevant evidence supports the medical opinion, its consistency with the record as a whole, the source's medical speciality, if any, as well as other factors. 20 C.F.R. §§ 404.1527(d) and 416.927(d).

Here the ALJ afforded the treating physician "little weight" and the non-treating physician "substantial weight." Tr. 28. The ALJ considered that the treating physician's medical source statements "did not include reference to clinical findings or other explanation of their bases...[and did not record] positive findings on clinical examination to explain the suggested limitations." Tr. 27. The ALJ found that Plaintiff's limitations did not appear to derive from the medical evidence, and noted other inconsistencies in the treating physician's opinion.[1] Conversely the ALJ found that the non-treating physician's opinion is consistent with the record. Tr. 28. Accordingly, the ALJ properly accorded the examining physician substantial weight.

B. Credibility analysis

Plaintiff argues the ALJ improperly assessed the credibility of the Plaintiff's subjective complaints. The burden of deciding the credibility of a plaintiff's subjective testimony rests with the Commissioner. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). The standard for the evaluation of pain and other subjective complaints is set by Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). In Polaski, the Eighth Circuit set forth factors the Commissioner must consider in evaluating subjective complaints: (1) the objective medical evidence; (2) the subjective

---

[1] For example, the ALJ's analysis included the fact that while the medical source statements reflect limitations expected of a bedridden claimant, the claimant is not bedridden and that "[the treating physician] states that the claimant could rarely/never bend; however, on July 20, 2003, the claimant reported to [the treating physician] that [she] was doing 40 sit ups and leg lifts." Tr. 27 - 28.

3

evidence of the duration, frequency, and intensity of plaintiff's pain; (3) any precipitating or aggravating factors; (4) the claimant's daily activities; (5) the dosage, effectiveness and side effects of any medication; and (6) the claimant's functional restrictions. Polaski v. Heckler, 739 F.2d at 1322. The ALJ need not discuss each Polaski factor methodically as long as the factors are acknowledged and considered. Brown v. Charter, 87 F.3d 963, 966 (8th Cir. 1996).

      First, the ALJ properly considered the inconsistency between the objective medial evidence and subjective evidence of the duration, frequency, and intensity of Plaintiff's pain. While lack of medical evidence may not be the sole determinant of a claimant's credibility, it is an important factor. Russell v. Sullivan, 950 F.2d 542, 545 (8th Cir. 1991); Cruse v. Bowen, 867 F.2d 1183, 1186 (8th Cir. 1989). Here, the evidence shows that while Plaintiff is affected by her back injury, her injuries are not of disabling severity. Tr. 206. Plaintiff's treatment was conservative. She was never considered for back surgery and her pain relief medication was over the counter ibuprofen. The ALJ properly considered these factors in making his credibility determination. Hogan v. Apfel, 239 F.3d 958, 961 (8th Cir. 2001).

      Second, the ALJ considered plaintiff's daily activities as one factor in the analysis. Curran-Kicksey v. Barnhart, 315 F.3d 964, 969 (8th cir. 2003). In this case, plaintiff testified that she prepared meals for herself, laundered her clothing, cleaned house, grocery shopped and drove on average 40 miles a week. Tr. 25, 228-20, 273, 277-79, 292. The ALJ properly considered all these activities in making his credibility determination.

      Third, an ALJ may properly consider a claimant's exaggeration of his symptoms in evaluating her subjective complaints. Jones v. Callahan, 122 F.3d 1148, 1152 (8th Cir. 1997). In this case, plaintiff told Dr. Aguius that activity and exercise worsened her back pain, but only

4

three months later, told the doctor that she did 40 sit-ups and leg lifts. The ALJ properly considered this evidence in making his credibility determination.

Fourth, the ALJ's credibility analysis took into consideration Plaintiff's ability to sit through the duration of the hearing with no evident pain or discomfort, contrary to Plaintiff's allegation of her inability to sit comfortably for longer than fifteen minutes at a time. Tr. 25. It was proper for the ALJ to consider Plaintiff's hearing demeanor in making a credibility determination. Johnson v. Apfel, 240 F.3d 1145, 1147-48 (8th Cir. 2001).

Fifth, the ALJ did not consider the Missouri Department of Social Security determination that Plaintiff was unable to engage in substantial gainful activity for at least one year. The Missouri Social Security Department's determination was made over four months after the ALJ's May 2004 decision and thus was not part of the record before the ALJ. See also 20 C.F.R. §§ 404.1504, 416.904; Cruze v. Chater, 85 F.3d 1320, 1325 (8th Cir. 1996).

In addition, the ALJ noted sporadic patterns of employment with periods of no substantial earnings before the onset of plaintiff's alleged disability. Tr. 27, 76. A "lack of work history may indicate a lack of motivation to do work rather than a lack of ability." Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001); Woolf v. Shalala, 3 F.3d 1210, 1214 (8th Cir. 1993) (recognizing that a poor work history may lessen a claimant's credibility). Consequently, the ALJ properly considered Plaintiff's work history (or lack thereof) in making his credibility determination.

For all these reasons, the Court finds that substantial evidence supports the ALJ's ruling that Plaintiff's subjective complaints were not fully credible.

C. Residual Functional Capacity

5

Case 6:05-cv-03015-DW   Document 9   Filed 08/08/05   Page 5 of 7

Plaintiff also argues that the ALJ's decision was not supported by substantial evidence because the record contained a residual function capacity (RFC) assessment completed by Plaintiff's treating physician that differed from the assessment relied upon by the ALJ prepared by the non-treating physician. While medical evidence shows that the Plaintiff clearly suffered an injury, as discussed above, the ALJ did not find Plaintiff's subjective complaints credible to support a finding of disability.

D. Plaintiff's Ability to Perform Other Work

Lastly, Plaintiff argues that the ALJ improperly failed to make a function by function analysis of Plaintiff's vocationally relevant past work and compare that with her functional capacity.

The ALJ properly asked the vocational expert a hypothetical question regarding Plaintiff's ability to work. This question set forth Plaintiff's limitations consistent with the ALJ's findings and excluded alleged limitations which the ALJ found lacked credibility. Davis v. Shalala, 31 F.3d 753, 755-56 (8th Cir. 1994); McKinney v. Apfel, 228 F.3d 860, 865 (8th Cir. 2000). Consequently, the vocational expert's testimony that Plaintiff could perform work was substantial evidence in support of the ALJ's determination. Miller v. Shalala, 8 F.3d 611, 613-14 (8th Cir. 1993).

III. Conclusion

After a careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.

IT IS SO ORDERED

                                                /s/ DEAN WHIPPLE
                                                    Dean Whipple
                                              United States District Judge

DATE: August 8, 2005